In the Matter of the Estate of GIOVANNI AMOROSO, an Incompetent.
In the Matter of the Application of GAETANO VECCHIOTTI, Royal Consul General of Italy at New York, on Behalf of DOMENICO AMOROSO, Trustee for GIOVANNI AMOROSO, an Incompetent Person, Both of Whom Are Subjects of the King of Italy, Petitioner, for an Order Directing CHARLES J. BUCHNER, Substituted Committee of the Estate of GIOVANNI AMOROSO, Respondent, to Transmit Moneys and Property to the Said DOMENICO AMOROSO, Trustee.

Supreme Court, Special Term, Kings County, December 20, 1940.

*Hardin, Hess & Eder*, for the petitioner.

*Charles Buchner*, for the respondent.

*John J. Bennett, Jr., Attorney-General*, for the State of New York.

JOHNSON, J.   The Royal Consul General of Italy at New York on behalf of the committee of this incompetent applies for the transfer of the estate of the incompetent now within this jurisdiction to that committee with whom the incompetent resides in Italy. The estate is partly in cash and the other assets are not at present subject to liquidation.   The incompetent was deported from this country and he and the committee are Italian subjects.   The application is not only based upon his need but upon his right that the estate should be transferred.   This court has previously appointed a member of our bar as committee and he has qualified and is still acting as such, and the application seeks to substitute the foreign committee for him.   There has been no final accounting and one is not now possible because of the condition of part of the estate.   The incompetent seems to be permanently in that condition and his residence outside of this country must be permanent because of the deportation.

A substantial item of the estate is a cause of action which is in the process of liquidation, and in justice to the parties thereto and to the committee whose past services have not yet been the subject of a decree or compensation, the petition should be granted only in part.

The papers do not show that the foreign committee is bonded or that there is any requirement of law in that country that he shall be bonded, but the committee here is bonded, and if the incompetent should ever recover his reason he might proceed against the New York committee if the transfer of his estate by that committee had not been duly made or if that committee had not adequately protected the rights of one who is still his ward.

There is over $1,000 in cash but I have on a previous application stated that I would not approve of a transfer of that money if

the machinery of the transfer would give a New York dollar credit in favor of a government that was in substance seeking to destroy institutions of government like our own.

It is now possible to help the incompetent to live and yet not produce that undesirable result. It is a matter of common knowledge what the standard of living in that country is for people in his social condition of life. The incompetent seems to have no assets in that country and it is apparent from the petition that his family have no resources worth considering, so it might fairly be said that when he has exhausted the assets that are now in the control of his New York committee he will have become destitute. It is, therefore, not in his interest that even a committee with the best intentions should have too much money to spend at one time. Fifty dollars a month will be more than ample. The New York committee can purchase that much-blocked currency from any of the large New York banks since most of them have lira holdings in Italy. Such payments will not create any dollar credit for the government in this country or elsewhere, but will merely have the effect of reducing the lira holdings of that bank for a consideration in dollars paid directly to that bank by our committee and which will be retained by it as its own funds. Thus, the incompetent will receive money directly through that bank and not through any governmental agency. Any such bank having Italian lira balances in Italy may be selected by the committee and he will be directed to send fifty dollars a month to the foreign committee, each payment after the first to be sent when a proper receipt for the previous payment has been received.

Settle order on notice.